Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5921 | **DATE** | 8/31/2001 |
| **CASE TITLE** | Debra Taylor vs. Unifund Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, the Court denies [42-1] defendant's motion for summary judgment. It is so ordered.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 04 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 57 |
| | Mail AO 450 form. | FILED FOR DOCKETING 01 AUG 35 AM 8:06 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEBRA TAYLOR, on behalf of herself and all other similarly situated, ) ) ) | |
| Plantiff, ) | No. 98 C 5921 |
| ) | |
| v. ) ) | Wayne R. Andersen District Judge |
| UNIFUND CORPORATION ) ) | |
| Defendant. ) | |

**DOCKETED**
**SEP -4 2001**

## MEMORANDUM, OPINION AND ORDER

Defendant Unifund previously filed a motion to dismiss Counts Two and Three of plaintiff Taylor's complaint. However, we reclassified that motion as a motion for summary judgment because evidentiary matters were raised, and denied it. Since that time, plaintiff has dismissed Count One of her complaint and has dismissed her class allegations. Defendant now moves again for summary judgment on Counts Two, Three, and Four of plaintiff's complaint. We deny defendant's motion because there are material factual disputes and because defendant has not shown that it is entitled to judgment as a matter of law.

Plaintiff realleges that Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505, *et seq*.) and the Fair Debt Collection Practices Act (15 U.S.C. §1692c(c), e and f when it attempted to collect a time-barred debt from her. Plaintiff signed a contract with Montgomery Ward & Company (MW&C) in February 1997. In 1995, Montgomery Ward Credit Corporation (MWCC) sold plaintiff's debt to defendant. Two years later, defendant tried to collect on the debt and its attempt is the subject of this law suit.

Count Two alleges that defendant falsely represented the debt's validity in violation of 815 ILCS 505/2. Plaintiff asserts that department store credit cards are governed by a four-year

statute of limitations under U.C.C. §2-275, and that they constitute a contract for the sale of goods. The defendant counter-asserts that its collection attempt was not time barred because the contract was not for a "sale of goods" and, thus, it carried a ten-year statute of limitations under 715 ILCS 5/13-206. We disagree.

The facts are set forth in detail in the court's original Memorandum, Opinion and Order. As in the previously denied motion for summary judgment, defendant relies on Harris Trust & Savings Bank v. McCray to support its contention that the ten-year statute of limitations governs. 21 Il. App. 3d 605 (1974). Defendant relies on Harris to show that the agreement here must be a contract governed by 715 ILCS 5/13-206, not U.C.C. §2-275, because there is no contract for the sale of goods between a bank and its credit card holder. Although this was true in Harris, the rule is irrelevant here. Defendant ignores the differing relationships between the parties in this case and the parties in Harris. There is no bank involved here. Rather, the merchant plays the role of card-issuer. The relationship between a bank and its cardholders significantly differs from that of a merchant and those who hold its cards. In fact, Harris explicitly distinguished a credit card issued by a bank from a "department store credit card, used solely for credit purposes." Id. at 609.

Further, the Harris case dealt with a tripartite relationship between the issuer bank (Harris), the cardholder, and the merchants who sold goods to the cardholder. Id. at 607. The issuer-bank and cardholder created an account and entered into an agreement that governed their relationship. Id. The cardholder promised to repay the issuer-bank for money it paid to any merchant for her benefit. Id. at 608. The court in Harris distinguished the tripartite relationship in its case from that of a department store-customer relationship when the card is used solely for credit purposes. Id. at 609. Plaintiff here never promised to repay MWCC and, thus, its

2

assignment of her debt to Unifund does not create a contractual relationship between plaintiff and defendant. The original relationship remains the indicator of whether the four or ten-year statute of limitations applies. Citizen's National Bank v. Farmer, 77 Ill. App. 3d 56 (1979).

Further, there is a factual dispute as to which of the two corporations (MW&C or MWCC) financed the purchases. Defendant asserts that MWCC financed the purchases, but plaintiff asserts that MWCC is only the assignee of her contract with MW&C. In this case, plaintiff signed a contract with the "seller," MW&C. MWCC is not mentioned as a financer anywhere in the contract. In fact, the contract has express provisions for finance charges to be paid to MW&C. This is factual dispute which we cannot now resolve.

Count Three alleges that defendant used false or misleading statements and unfair or unconscionable methods to collect a debt in violation of 15 U.S.C. §1692 e and f. Defendant again argues that collecting a time-barred debt is not deceptive as a matter of law and that, even if we choose to apply the four-year statute, the underlying debt still remains.

As we previously decided in the prior motion, the key question is not whether the ability to collect the debt is still alive. Rather, the proper focus is whether the defendant threatened or undertook a lawsuit barred by the statute of limitations. The parties are in disagreement as to whether the letter sent by Unifund was threatening. A fact finder could either find that Unifund suggested adverse consequences would follow if the debt remained unpaid or the opposite. This clearly is a factual dispute which we cannot now resolve.

Count Four alleges that defendant violated 15 U.S.C. §1692c(c) by continuing to contact plaintiff after she notified it, in writing, not to make any further communication with her. If a consumer requests that a collection agency refrain from further communication or if the consumer refuses to pay a debt, the agency may only re-contact that consumer in three

3

circumstances. 15 U.S.C. §1692c(c). Defendant's second communication (April 1998) is not classifiable as one of these exceptions. Defendant asserts that its second letter was sent only because plaintiff contacted a credit bureau to obtain information about the debt. Plaintiff's inquiry triggered another collection letter to be sent to plaintiff and, thus, plaintiff gave "implied permission" for the contact.

To satisfy the requirements of summary judgment on this Count, a debt collector must show, by a preponderance of the evidence, that the communication error was "[un]intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error." 15 U.S.C. §1692k(c). However, defendant has not provided enough evidence to show that it made a "bona fide error defense" for violating §1692c(c). The single affidavit of Unifund's Director of Operations, stating that the plaintiff's phone call triggered another letter, does not resolve the issue of whether the second letter was the result of a "bona fide error." See Lewis v. ACB Business Services, Inc., 135 F.3d 389, 401 (6th Cir. 1998). Thus, defendant is not entitled to judgment as a matter of law in its favor on Count Four.

For the foregoing reasons, the Court denies Defendant's motion for summary judgment. It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: August 31, 2001